## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA

DIAMOND ELITE COMMUNITY LLC
1771 N. Agave Street
Casa Grande, Arizona 85122

      Plaintiff,

      v.

URBAN BAY FINANCIAL LLC
10150 Highland Manor Drive
Tampa, Florida 33610,

URBAN BAY HOUSING FUND, LLC
d/b/a URBAN BAY FINANCIAL LLC
13194 US Highway 301 South
Suite 374
Riverview, Florida 33578

      Case No. _____

CALEB JOHN WALSH d/b/a
URBAN BAY FINANCIAL LLC
13194 US Highway 301 South
Suite 374
Riverview, Florida 33578

      Defendants.

## COMPLAINT

Plaintiff, Diamond Elite Community LLC ("**Plaintiff**" or "**Diamond**"), files this Complaint against Defendants, Urban Bay Financial LLC ("**Urban Bay Financial**"), Urban Bay Housing Fund LLC ("**Urban Bay Housing**"), and Caleb John Walsh ("**Walsh**," and collectively with Urban Bay Financial and Urban Bay Housing, "**Defendants**"), and alleges as follows:

1

## INTRODUCTION

1.      This case arises out of Defendants' blatant failure to perform in accordance with the terms of a loan commitment to refinance a loan in the amount of approximately $20,000,000, secured by real property in Arizona; thereby causing Plaintiff to lose its property.  In sum, knowing full-well Plaintiff was relying on Defendants to refinance existing secured debt, Defendants promised to fund a loan by a date certain, and indisputably failed to do so – without a valid reason. As result of Defendants' failures, Plaintiff lost valuable real property to a trustee sale.  As Defendants well-knew when they agreed to pay off the existing debt and fund a new loan, the real property securing the loan was (and is) worth far in excess of the existing debt at the time due, in part, to existing utility lines on the property and restrictions on development of surrounding properties.

2.      As Defendants also knew, based on Defendants' contractual promise to provide the loan (and Plaintiff's promise not to seek alternative lenders), Plaintiff paid Defendants a significant loan commitment fee, and also paid the existing lender a substantial extension fees in connection with a forbearance agreement to allow Defendants time to close and fund the loan.  Unfortunately, without explanation, Defendants failed to fund the loan prior to the expiration of the forbearance period.

3.      As a direct, foreseeable, and proximate result of Defendants' wrongdoing and inaction, Plaintiff lost the property at a trustee sale.  In this action, Plaintiff seeks just compensation for its lost real property and return of all funds paid to Defendants.

## THE PARTIES

4.      Plaintiff, Diamond Elite Community LLC, is an Arizona limited liability company, with its principal place of business in Casa Grande, Arizona. For purposes of diversity jurisdiction,

2

Plaintiff is a domicile of the States of Arizona and New York because each of its members are citizens of these jurisdictions.

5.      Defendant, Urban Bay Financial LLC, holds itself out as a Florida limited liability company, with its principal place of business in Tampa, Florida; however, there is no public registration of any such entity in Florida. For purposes of diversity jurisdiction, Urban Bay Financial is a citizen of Florida because, upon information and belief, each of its members are citizens of that jurisdiction.

6.      Defendant, Urban Bay Housing Fund LLC, is a Florida limited liability company, with its principal place of business in Tampa, Florida. For purposes of diversity jurisdiction, Urban Bay Housing is a citizen of Florida because, upon information and belief, each of its members are citizens of that jurisdiction.

7.      Defendant, Caleb Walsh, is an individual domiciled in, and a citizen of, the state of Florida.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1).  There is complete diversity between the Parties, whose citizenship is Arizona and New York on the Plaintiff's side and Florida on the Defendants' side.  The damages at issue in this lawsuit far exceeds $5 million; thus, the amount in controversy is far in excess of $75,000, exclusive of interest and costs.

9.      This Court has personal jurisdiction over each Defendant because they are all domiciled in the state of Florida, and because they consented to jurisdiction in this forum on page 4 of the Loan Commitment (defined below) (Exhibit A).

4858-8508-1207, v. 6

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction.  Further, Defendants consented to venue in this Court on page 4 of the Loan Commitment (defined below) (Exhibit A).

**FACTS**

**The Property**

11.     The real property Plaintiff lost due to Defendants' failure to fund is located at Cottonwood Lane and Peart Road, Casa Grande, Arizona 85122 (the "**Property**").

12.     At all relevant times, the Property was and is of particular and especially unique value because it has pre-existing water, sewer, electrical, and other utility connections, that the State of Arizona is no longer granting for new development.

**The Loan Commitment**

13.     On or about February 22, 2023, Plaintiff and Defendant Urban Bay Financial entered into an agreement entitled "Commitment Letter" (the "**Loan Commitment**"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

14.     The Loan Commitment required Urban Bay Financial to fund a "Senior Loan" in the amount of $19,100,000.

15.     In reasonable reliance on Urban Bay Financial' s unconditional promise to fund a refinance in the Commitment Letter, Plaintiff agreed to exclusivity as follows:

> Unless authorized in writing by Urban Bay . . . [Diamond] shall not (and shall not permit its affiliates or subsidiaries or any of their respective directors, officers, employees, attorneys, or other representatives) to, directly or indirectly, (a) accept any proposal, offer, or commitment from, or enter into any agreement with, any other person or entity to consummate a competing transaction; (b) take any action to solicit, initiate, facilitate, encourage, or consummate a competing transaction; or (c) engage in discussions or negotiations with, or furnish information or access to the Collateral to, any person (other than Urban Baby or its

4

representatives) with respect to a competing transaction. [Diamond] shall cause any discussions or negotiations with any other person or entity regarding a competing transaction to be immediately terminated.

16.    In other words, not only did Urban Bay Financial promise to make a loan to Plaintiff to timely pay off the Existing Debt (defined below), it handcuffed Plaintiff by insisting Plaintiff cease all other efforts to find funding to avoid losing the valuable Property.

**Plaintiff's Payments to Defendants**

17.    Pursuant to Section 4 of the Loan Commitment, Plaintiff paid Defendants a "Commitment Deposit" in the amount of $95,500.

18.    In addition, Plaintiff had already paid Defendants $68,900 as a good faith deposit under a term sheet dated January 6, 2023.

19.    In total, Plaintiff has paid, and Defendants have wrongfully retained, a total of $164,400.

20.    Of course, to date, Plaintiff has received absolutely no benefit from these payments while, in contrast, Defendants have been unjustly enriched.

**The Existing Loan – Plaintiff's Disclosed Reason for the Refinance**

21.    Prior to executing the Loan Commitment, Defendants were well-aware that Plaintiff had a looming due date on a debt owed to Okoa Capital LLC ("**Okoa**") (the "**Existing Debt**").  Indeed, Plaintiff told Defendants that the entire purpose of the loan was to pay off the Existing Debt.

22.    Accordingly, following the effective date of the Loan Commitment, on or about March 2, 2023, Plaintiff entered into a Forbearance Agreement with Okoa (the "**Forbearance Agreement**"), a true and correct copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.

23.     To obtain forbearance from Okoa, Plaintiff was forced to pay extension fees of $105,300 to extend the forbearance period through April 17, 2023, which would allow sufficient time for Plaintiff to fund the new loan by the outside date of March 31, 2023.

24.     Specifically, pursuant to the Forbearance Agreement, on or before April 17, 2023, Plaintiff was required to pay Okoa a final balloon payment for all outstanding principal and unpaid interest – which, as of the end of March 2023, equaled nearly $6,000,000.

25.     As a direct and proximate result of Defendants' failure to timely fund the loan, Plaintiff defaulted on the Forbearance Agreement.

**Plaintiffs Warn Defendants of the Dire Consequences of Failing to Fund**

26.     In a letter dated April 17, 2023, Plaintiff warned Defendants that their failure to fund the loan would result in Plaintiff losing the Property and other damages, as follows:

> The purpose of this letter is to demand immediate closing of the Loan in a good-faith effort to prevent the significant losses and damages that Borrower will incur if Lender does not fund the Loan promptly.
>
> As you know, Lender executed the Commitment, undertaking the obligation to refinance the existing loan from OKOA on or before March 31, 2023…. Pursuant to the Commitment, Borrower paid Lender the $95,500 Commitment Deposit (in addition to the $68,900 good-faith deposit Borrower paid Lender pursuant to the term sheet Lender sent Borrower on January 6, 2023) and provided Lender's preliminary diligence items on the same day that Borrower and Lender executed the Commitment.
>
> Pursuant to the Commitment, the Closing Date for the Loan was on or before March 31, 2023—over two weeks ago—but Lender has yet to close the Loan. Repeated emails to Lender from the undersigned and Borrower's broker have gone unanswered.
>
> Please be advised that, Borrower will be in default under the existing loan from OKOA if Lender does not close the Loan promptly. As you know, Borrower entered into the Amendment to Forbearance Agreement with OKOA on March 2, 2023 (the "Agreement") in reliance on the Commitment…. Borrower paid OKOA significant fees for the forbearance through today.

Specifically, pursuant to the Agreement, Borrower paid a $99,000 extension fee for the $5.5MM Note, and a $6,300 extension fee for the $700,000 Note, to extend the forbearance period through today. Pursuant to the Agreement, Borrower must remit to OKOA by today one final balloon payment for all outstanding principal and unpaid interest—which, as of March 28, 2023, were $5,471,074 for the $5.5MM Note and $348,067 for the $700,000 Note.

In sum, Lender must close the Loan immediately. Therefore, demand is hereby made on Lender to close the Loan immediately—but no later than **April 24, 2023, TIME OF THE ESSENCE**. Please be advised that if the demand set forth herein is not promptly satisfied, Borrower will be compelled to seek all available legal remedies against Lender.

A true and correct copy of which is attached hereto as **Exhibit C** and incorporated herein by reference.

27.    Thereafter, Plaintiff's counsel and the mortgage broker made several attempts to reach Defendants, but Defendants simply ignored all communications, and pocketed Plaintiff's good faith deposit and commitment fee.

### Okoa Sells the Property

28.    On or about April 24, 2013, as a direct and proximate result of Defendants' failure to fund the loan as required by the Loan Commitment, Okoa exercised its right to sell the Property at a trustee sale.

29.    The sale, of course, resulted in Plaintiff losing the Property and all of its significant equity in the Property.

### The Relationship Amongst the Defendants

30.    The Loan Commitment instructs that it was intended to bind Urban Bay Financial and it's "affiliates": "You have advised that URBAN BAY FINANCIAL LLC or an affiliate thereof (the "Lender") . . . ." Exhibit A, at 1.

31.    Urban Bay Financial does not appear to be a legitimate legal entity. Defendant Urban Bay Financial's website reveals that the purported entity is actually Urban Bay Housing

7

and Mr. Walsh himself. Indeed, the "about us" page of the website features a nearly six (6) minute long YouTube video of Mr. Walsh sitting on a golden throne proudly explaining Defendants' business operations.[1]

32.    Further, Defendant Urban Bay Housing Fund is featured prominently on Defendant Urban Bay Financial's website, alongside Mr. Walsh.[2] The "contact us" link for both Defendant Urban Bay Housing and Urban Bay Financial lead to the same webpage containing the contact information for Urban Bay Financial and Mr. Walsh.

33.    Mr. Walsh is listed as the manager and director of Defendant Urban Bay Housing, in the LLC's 2023 annual report, a true and correct copy of which is attached hereto as **Exhibit D**. And, it was Mr. Walsh who negotiated and executed the Loan Commitment as "director" of Defendant Urban Bay Financial. Exhibit A, at 4.

34.    Defendant Urban Bay Financial holds itself out as a Florida limited liability company. In actuality, no such entity exists in the state of Florida.[3] Urban Bay Housing is a registered limited liability company in the state of Florida.[4]

35.    Upon information and belief, Mr. Walsh is the owner and director of both Urban Bay Housing and Urban Bay Financial and exercises dominion and control over both entities.

### COUNT I
### (Breach of Contract)

36.    Plaintiff incorporates by reference the other paragraphs in this Complaint as if fully restated in this Count.

---

[1] https://urbanbayfinancial.com/about-us-new/
[2] https://urbanbayfinancial.com/behind-the-scenes-of-urban-bay-housing-fund/
[3] *See* Exhibit E, a true and correct copy of the search results for "Urban Bay Financial LLC" in the Florida Division of Corporations entity database.
[4] *Id*; *see also* Exhibit F, a true and correct copy of the Urban Bay Housing "detail by entity name" page in the Florida Division of Corporations entity database.

4858-8508-1207, v. 6

37.     The Commitment Letter is a valid and binding contract between Plaintiff and Defendants.

38.     Plaintiff performed all conditions to demanding full performance under the Loan Commitment.

39.     Defendants breached their contractual obligations under the Loan Commitment when they failed to timely fund the loan, as required.

40.     As a direct, foreseeable, and proximate result of Defendants' breaches of the Commitment Letter, Plaintiff suffered the loss of real property, resulting in significant and actual financial injury, including lost equity in the Property.

41.     Plaintiff also paid a total of $164,000 which must be returned to Plaintiff.

42.     Additionally, as explained herein, Plaintiff lost $105,300 in extension fees paid to Okoa as a direct and proximate result of Defendant's breaches.

WHEREFORE, Plaintiff respectfully requests a monetary judgment against Defendants and in favor of Plaintiff for compensatory damages in an amount of at least $7,000,000, with the exact amount to be determined at trial, its costs and expenses, including reasonable attorneys' fees incurred in this action, and such other further relief as this court may deem just and proper.

## COUNT II
### (Fraudulent Inducement)

43.     Plaintiff incorporates by reference the other paragraphs in this Complaint as if fully restated in this Count.

44.     Defendants represented to Plaintiff that they would fund the Loan Commitment.

45.     This representation induced Plaintiff to enter into the Loan Commitment and forego seeking alternative financing.

9

46.     Defendants knew this representation was false when made, or in the alternative, acted with reckless indifference as to the truth of the representation.

47.     The representation was made with the intent to fraudulently induce Plaintiff execute the Loan Commitment, pay Defendants more than $164,000, and refrain from seeking alternative financing.

48.     Plaintiff justifiably relied on Defendants' false material representation.

49.     Plaintiff's justifiable reliance on Defendants' false material representation caused Plaintiff to lose the Property and all equity associated therewith.

WHEREFORE, Plaintiff respectfully requests a monetary judgment against Defendants and in favor of Plaintiff for compensatory damages in an amount of at least $7,000,000, with the exact amount to be determined at trial, punitive damages with the exact amount to be determined at trial, its costs and expenses, including reasonable attorneys' fees incurred in this action, and such other further relief as this court may deem just and proper.

## COUNT III
### (Promissory Estoppel/Detrimental Reliance)

50.     Plaintiff incorporates by reference the other paragraphs in this Complaint as if fully restated in this Count.

51.     Defendants made a promise to timely provide Plaintiff with sufficient funds to pay off the Existing Debt in full and satisfy the terms of the Forbearance Agreement.

52.     Plaintiff reasonably relied upon Defendants' promises and further assurances by not seeking alternative financing to satisfy the Existing Debt and the Forbearance Agreement.

53.     Defendants failed to fulfill their promise, causing significant detriment to Plaintiff by causing Plaintiff to lose the Property and all equity associated therewith.

54.    Defendants knew and understood that Plaintiff was reasonably relying upon their promises and further assurances, when they failed to perform as promised.

55.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff suffered the loss of real property, resulting in significant and actual financial injury, including lost equity in the Property.

56.    Plaintiff also paid a total $164,000 which must be returned to Plaintiff.

57.    Additionally, as explained herein, Plaintiff lost $105,300 in extension fees paid to Okoa as a direct and proximate result of Defendant's breaches.

WHEREFORE, Plaintiff respectfully requests a monetary judgment against Defendants and in favor of Plaintiff for compensatory damages in an amount of at least $7,000,000, with the exact amount to be determined at trial, its costs and expenses, including reasonable attorneys' fees incurred in this action, and such other further relief as this court may deem just and proper.

## COUNT IV
### (Unjust Enrichment)

58.    Plaintiff incorporates by reference the other paragraphs in this Complaint as if fully restated in this Count.

59.    Plaintiff conferred a benefit upon Defendants when it paid Defendants $164,400.

60.    Defendants knew and understood that Plaintiff was providing a monetary benefit to Defendants and knew that Plaintiff expected compensation.

61.    Defendants accepted and retained the monetary benefit without providing any benefit whatsoever to Plaintiff.

62.    Under these circumstances, it would be unjust for Defendants to retain funds paid by Plaintiff.

4858-8508-1207, v. 6

WHEREFORE, Plaintiff respectfully requests a monetary judgment against Defendants and in favor of Plaintiff for compensatory damages in an amount of at least $164,400, with the exact amount to be determined at trial, its costs and expenses, including reasonable attorneys' fees incurred in this action, and such other further relief as this court may deem just and proper.

Dated: March 13, 2025

Respectfully submitted,

**SHAHADY & WURTENBERGER, P.A.**
200 E. Palmetto Park Road, Suite 103
Boca Raton, FL 33432
Tel: (561) 910-3064
fschwartz@swlawyers.law - Service by Email

By: /s/ Fred A. Schwartz
FRED A. SCHWARTZ, ESQUIRE
Florida Bar No. 360538
*Attorneys for Plaintiff*

4858-8508-1207, v. 6

# EXHIBIT A



**Urban Bay Financial, LLC**
4868 W Gandy Blvd
Tampa, FL 33611
813.499.9712 (p)
813.499.9487 (f)

February 22, 2023

*VIA ELECTRONIC MAIL*
*PRIVILEGED AND CONFIDENTIAL*

**Commitment Letter**

Re: Loan for the refinance and construction of single-family home project in Casa Grande, AZ

Property: Cottonwood Lane and Peart Road, Casa Grande, Arizona 85122

Dear Yehoishiah Rubin,

You have advised that URBAN BAY FINANCIAL LLC or an affiliate thereof (the "Lender") that Diamond Elite Community LLC (the "Borrower") is seeking a loan (the "Loan") on the terms and conditions set forth herein (the "Commitment Letter") and in that certain Potential Financial Proposal (the "Term Sheet") Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Term Sheet.

The Terms and Conditions of the commitment Letter are as follows:

**Closing Requirements:**

1. **Senior Loan Amount:** $19,100,000
   a. **Interest Rate:** SOFR + 8.70%
2. **Borrower Equity Contribution:** $10,302,974 (inclusive of $3,689,528 Borrower equity applied from acquisition and pre-development/entitlements). Within 48 hours of loan closing, the Borrower shall deposit $6,613,446 as their required equity for the Loan into escrow. These funds will serve as Borrower's Equity contribution, completion guaranty, security against taxes, insurance, operating expenses, debt service, servicing costs and borrower default with full ownership and authority granted to lender. The funds will be credited as the borrower's equity dollars into the project.
   a. Lender will credit Borrower with an equity contribution of up to $1,400,000 for pre-development costs/entitlements upon receipt and review of said paid expenses. This will lower the required equity the borrower is required to bring to the closing table, as it increases the amount of equity the borrower has already invested into the project.
3. **Closing Date:** On or before March 31, 2023, subject to remaining due diligence requests, document delays, legal review, closing checklist, and title requirements.
4. **Commitment Deposit:** $95,500.00, equal to 0.5% of the loan amount, shall be remitted to the Lender via wire transfer from Borrower. Commitment fee is refundable if Borrower fails to maintain possession and ownership of the property. Commitment Letter is null and void if Lender is not in receipt of the Fedwire on the same date as Commitment Letter. No additional fees outside of closing will be required of Borrower.

1



Urban Bay Financial, LLC
4868 W Gandy Blvd
Tampa, FL 33611
813.499.9712 (p)
813.499.9487 (f)

5.  **Sources & Uses**

**SOURCES AND USES**
*Working Numbers*

| Sources | Pre Closing | Closing | TOTAL |
|---|---|---|---|
| Senior Loan | $  - | $ 19,100,000 | $ 19,100,000 |
| Sponsor Equity | $ 3,689,528 | $ 6,613,446 | $ 10,302,974 |
| TOTAL | $ 3,689,528 | $ 25,713,446 | $ 29,402,974 |

| Uses | Pre Closing | Closing | TOTAL |
|---|---|---|---|
| Acquisition Downpayment | $ 2,956,143 | $  - | $ 2,956,143 |
| Pre-Development/Entitlements | $ 733,385 | $  - | $ 733,385 |
| Debt ($9,950,000 Purchase Price) | $  - | $ 6,993,857 | $ 6,993,857 |
| Hard Cost (Horizontal) | $  - | $ 1,528,465 | $ 1,528,465 |
| Hard Cost (Vertical) | $  - | $ 8,670,942 | $ 8,670,942 |
| Soft Costs | $  - | $ 5,435,768 | $ 5,435,768 |
| Carry Cost (Taxes, Ins, G&A) | $  - | $ 54,414 | $ 54,414 |
| Est. Closing Costs/Fees | $  - | $ 350,000 | $ 350,000 |
| Interest Reserve | $  - | $ 2,000,000 | $ 2,000,000 |
| Project Fee | $  - | $ 298,000 | $ 298,000 |
| Origination Cost | $  - | $ 382,000 | $ 382,000 |
| TOTAL | $ 3,689,528 | $ 25,713,446 | $ 29,402,974 |

Unless authorized in writing by Urban Bay, from the date hereof to the earlier of (the "Termination Date") (x) the termination by Urban Bay of discussions related to the proposed Transaction and (y) 11:59 P.M. Eastern Time on the 30th day after the date hereof, the Obligors shall not (and shall not permit its affiliates or subsidiaries or any of their respective directors, officers, employees, attorneys, or other representatives) to, directly or indirectly, (a) accept any proposal, offer, or commitment from, or enter into any agreement with, any other person or entity to consummate a competing transaction; (b) take any action to solicit, initiate, facilitate, encourage, or consummate a competing transaction; or (c) engage in discussions or negotiations with, or furnish information or access to the Collateral to, any person (other than Urban Bay or its representatives) with respect to a competing transaction. The Obligors shall cause any discussions or negotiations with any other person or entity regarding a competing transaction to be immediately terminated. Until the Termination Date, the Obligors shall (and shall cause its representatives to) exclusively and in good faith deal and negotiate with, and provide information, documents, and access to the Collateral to, Urban Bay and its representatives with respect to the proposed Transaction. In light of the significant amount of time and expenses to be expended by Urban Bay in connection with the Transaction, if any of the terms of this Exclusivity provision are breached by any Obligor, then, in addition to the other remedies set forth in this Proposal Letter, Urban Bay shall be entitled to such remedies as are available at law or in equity, including, without limitation, injunctive relief, and actual, punitive, special and/or consequential damages.

2




Urban Bay Financial, LLC
4868 W Gandy Blvd
Tampa, FL 33611
813.499.9712 (p)
813.499.9487 (f)

Additionally, if the Prospective Lender is prepared to make the Loan, but prior to funding, the Borrower or any affiliate or controlled person or entity obtains debt or equity financing from another source, then Obligors shall pay a Break-Up Fee to the Prospective Lender in the amount of 1% of the Loan amount. In such a case, the Expense Deposit and Commitment Fee shall be non-refundable and shall be retained by the Prospective Lender. For the avoidance of doubt, this Section 3 shall be binding on the Guarantor(s) and Borrower and their affiliates and representatives and survives termination of this letter.

In addition to the conditions to funding or closing set forth herein and the Conditional Term Sheet, the Commitment is subject to, among other conditions, (a) the negotiation and execution of a definitive loan agreement and other related documentation satisfactory to Lender; (b) there being no material adverse change (in the reasonable opinion of Lender) in the Real Property; (c) ~~approval of, and consent to, the Loan by Lender's credit committee, in its sole discretion~~ and (d) satisfactory appraisal.

Borrower hereby represents and covenants that (a) all information (other than Projections (as defined below)) (the "Information") that has been or will be made available to Lender by Borrower or any of its representatives is or will be complete and correct in all material respects and does not or will not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements contained therein not materially misleading in light of the circumstances under which such statements are made; and (b) all financial projections ("Projections") that have been or will be made available to Lender by Borrower's representatives have been or will be prepared in good faith based upon assumptions Borrower believes to be reasonable (it being understood that the Projections are subject to significant uncertainties and contingencies, many of which are beyond Borrower's control, and that no assurance can be given that such Projections will be realized). Borrower understands that Lender may use and rely on the Information and Projections without independent verification thereof. Borrower understands rate may change ahead of closing subject to final credit review of property forbearance.

The reasonable out-of-pocket costs and expenses (including all legal (including the allocated fees and disbursements of internal legal services), environmental, accounting and other consultant costs and fees) incurred by Lender in connection with the evaluation and/or documentation of this Commitment Letter and the Loan shall be payable by the Borrower upon demand by Lender, whether or not the Loan closes.

Each party acknowledges that this Commitment Letter supersedes any and all discussions and understandings, written or oral, between or among Lender and any other person as to the subject matter hereof, including, without limitation, any prior proposal or commitment letters and term sheets. This Commitment Letter may only be amended, waived or modified in writing and executed by the parties hereto.

This Lender's obligations and agreements in this Commitment Letter will terminate on March 31, 2022 unless on or before that date you sign and return an enclosed counterpart of this Commitment Letter. Delivery of an executed counterpart of this Commitment Letter by facsimile or other electronic transmission shall constitute valid delivery of an executed counterpart hereof.

This Commitment Letter shall be a contract made and governed by the internal laws and venue selection of the State of Florida applicable to contracts made and to be performed entirely within such state, without regard to conflict of laws principles.

EACH OF THE PARTIES HERETO HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS COMMITMENT LETTER OR THE FEE LETTER, AND AGREES THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.



**Urban Bay Financial, LLC**
4868 W Gandy Blvd
Tampa, FL 33611
813.499.9712 (p)
813.499.9487 (f)

ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS COMMITMENT LETTER OR THE FEE LETTER, SHALL BE BROUGHT AND MAINTAINED EXCLUSIVELY IN THE COURTS OF THE STATE OF FLORIDA OR IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA; PROVIDED THAT NOTHING IN THIS COMMITMENT LETTER SHALL BE DEEMED OR OPERATE TO PRECLUDE LENDER FROM BRINGING SUIT OR TAKING OTHER LEGAL ACTION IN ANY OTHER JURISDICTION. EACH PARTY HERETO EXPRESSLY AND IRREVOCABLY SUBMITS TO THE JURISDICTION OF THE COURTS OF THE STATE OF FLORIDA AND OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA FOR THE PURPOSE OF ANY SUCH LITIGATION AS SET FORTH ABOVE. EACH PARTY HERETO EXPRESSLY AND IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY SUCH LITIGATION BROUGHT IN ANY SUCH COURT REFERRED TO ABOVE AND ANY CLAIM THAT ANY SUCH LITIGATION HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

Lender is pleased to have this opportunity and looks forward to working with you.

Very truly yours,

By: Urban Bay Financial, LLC
Name: Caleb Walsh
Its: Director

AGREED AND ACCEPTED THIS

22nd DAY OF FEBRUARY 2023

AGREED AND ACCEPTED INDIVIDUALLY AND ON BEHALF OF THE BORROWER:

Diamond Elite Community LLC

4



Urban Bay Financial, LLC
4868 W Gandy Blvd
Tampa, FL 33611
813.499.9712 (p)
813.499.9487 (f)

Signature: _____
By:       Yehoishiah Rubin
Its:      Authorized Member individually and on behalf of Diamond Elite Community LLC


                                    DIAMOND ELITE COMMUNITY LLC
                                              February 17, 2023

Borrower Note: Add comments in the sections notated in BLUE.


I.    **General**
      a.  Loan Application
          • Borrower checked "yes" for the question, "Have you had a property foreclosed
            upon or given title or deed in lieu?" Please provide a detailed LOE
              o  Borrower Notes: LOE provided, current lender threatening foreclosure if
                 no closing by end of month. Not an active foreclosure.
                    a.  Lender Note: If a foreclosure has not been filed, then this should
                        be changed to "no." This should only say "yes" if the borrower
                        has been foreclosed on.
                    b.  Borrower Note: uploaded
          • Borrower checked "yes" for the question, "Are you party to a lawsuit?" Please
            provide a detailed LOE
              o  Borrower Notes: LOE provided.
                    a.  Lender Note: LOE does not adequately detail the lawsuit. Please
                        provide more details
                    b.  Borrower Note: please specify what information is needed.
                        Borrower has a loan that ballooned, at which point lender filed to
                        exercise its remedies under the Deed of Trust in November 2022.
                        Lender entered a forbearance agreement until March 1, 2023. +
          • Borrower checked "yes" for the question, "Is the business party to a lawsuit?"
            Please provide a detailed LOE
              o  Borrower Notes: LOE provided.
                    a.  Lender Note: LOE does not adequately detail the lawsuit. Please
                        provide more details
                    b.  Borrower Note: see above
          • Borrower checked "yes" for the question, "Has the business had property
            foreclosed upon or given title or deed in Lieu?" Please provide a detailed LOE
              o  Borrower Notes:
                    a.  Lender Note: If a foreclosure has not been filed, then this should
                        be changed to "no." This should only say "yes" if the business has
                        been foreclosed on.
                    b.  Borrower Note: uploaded

II.   **Business**
      a.  Organization Chart

                                          5



Urban Bay Financial, LLC
4868 W Gandy Blvd
Tampa, FL 33611
813.499.9712 (p)
813.499.9487 (f)

- Missing some percentages; please complete and upload
  - Borrower Notes: Provided.
    a. Lender Note: Need (1) Articles of Incorporation, (2) Operating Agreements, (3) Organization Charts, and (4) EIN Letters for the following entities – note, please create a folder inside the "Organization Chart" folder for each entity and upload the 4 docs for each entity within their respective folders
      i. Diamond Elite Community Promote LLC
      ii. Diamond Elite Community Investors A LLC
      iii. Diamond Elite Community Investors B LLC
      iv. Diamond Elite Community Investors C LLC
      v. Diamond Elite Community Investors D LLC
      vi. Diamond Elite Community Investors E LLC
      vii. Red Diamonds(please provide further explanation on this entity)
    b. Borrower Note: this is not an entity this is the PROPERTY. Uploaded OA's and articles of org. EIN's are in the process – please advise if you need anything more that what's already in the general org chart.

III. **Borrower**
   a. REO Entity Operating Agreements
      - Under review by Lender
   b. REO Settlement Statements
      - Under review by Lender
   c. REO HUDs (if owned in personal name)
      - Under review by Lender

IV. **Subject Property**
   a. Property Insurance
      - Additional insurance may be required. Under review by Lender

V. **Subject Property Reports**
   a. Equity Investment/CapEx Receipts
      - Under review

VI. **Construction Related**
   a. General Contractor Agreement
      - Not provided
        - Borrower Notes:
   b. Subcontractor Agreements
      - Not provided (please provide further details from GC on subs they will utilize)
        - Borrower Notes:
   c. Permits
      - Not provided
        - Borrower Notes: Infrastructure needs to be put in place first.

VII. **Title & Closing**

# EXHIBIT B

**AMENDMENT TO FORBEARANCE AGREEMENT**

THIS AMENDMENT TO FORBEARANCE AGREEMENT ("Amendment") is made and entered into as of the 2nd day of March, 2023 ("Effective Date"), by and among OKOA Capital LLC, a Utah limited liability company ("Lender"), Pinal County Holdings, LLC, an Arizona limited liability company ("PCH"), and Diamond Elite Community LLC, an Arizona limited liability company ("DEC") (collectively, the "Borrowers"); and Yehoishiah Rubin ("Guarantor").

**RECITALS**

A.      The Parties entered into a Forbearance Agreement dated as of December 2, 2022 (the "Forbearance Agreement"), and now wish to amend the Forbearance Agreement as specified below; all defined terms used herein and not otherwise defined shall have the meanings specified in the Forbearance Agreement; and

B.      The following loan balances are due and owing to Lender as of March 1, 2023 (the "Loan Balances"), pursuant to the Loan Documents:

$5.5MM Note:

|  |  |
|---|---|
| Unpaid principal: | $4,919,746 |
| Accrued Interest: | $137,637.50 |

$700,000 Note:

|  |  |
|---|---|
| Unpaid principal and accrued interest: | $679,622 |

The above amounts do not include unpaid reimbursable costs and expenses including, without limitation, default interest (currently accruing at the rate of 2% per month or 24% annually), attorneys' fees, title insurance fees, recording fees, and costs that are, or may become, due under the Loan Documents.

C.      As of the date hereof, the $5.5MM Note and the $700,000 Note (collectively, the "Notes") are in default under the Loan Documents including, without limitation, due to non-payment of scheduled interest payments, and maturity of each Note; Obligors have received Notice of such defaults by Letter dated November 2, 2022 (hereinafter, the "Loan Default").

D.      As a result of the Loan Default, Lender commenced and then postponed trustee's sales of the properties secured by the Deeds of Trust (the "Trustee's Sales"), Notices of which were provided to Obligors; such Trustee's Sales are currently set for March 8, 2023.

E.      Obligors have requested that Lender agree to forbear from further exercising its legal collection rights and remedies under the Loan Documents based upon the occurrence and

00329489

1

continuation of the Loan Default under the Loan Documents; Lender has agreed, upon the terms and conditions herein contained, to so forbear.

## AGREEMENT

In consideration of the foregoing recitals, which are hereby incorporated into this Agreement by reference and for other good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

1. ***Ratification of Loan Documents and Lien Upon the Properties.*** Each of Obligors hereby: (i) ratify, reaffirm, and acknowledge that the Loan Documents (as such term is used herein, it shall mean as amended by the Forbearance Agreement and this Amendment) executed by them  represent valid, enforceable, and collectible obligations; (ii) reaffirm, ratify, acknowledge, and agree that all accrued and unpaid principal, interest, charges, fees, and costs owed to Lender under the terms of the Loan Documents, specifically including the Loan Balances listed herein, remain due and owing according to the terms of the Loan Documents; (iii) agree that all of the future payments, interest, charges, fees, and costs to accrue under the terms of the Loan Documents are valid obligations owing to Lender; and (iv) agree that the Loan Documents and Lender's first-priority and second-priority lien interests in the real properties described in the Deeds of Trust are legal, valid, binding, perfected, and enforceable.

2. ***Ratification of Guaranties.*** Each of Obligors hereby: (i) consent to all matters provided for by this Amendment as they relate to the First Guaranty and the Second Guaranty (collectively, the "Guaranties"); (ii) reaffirm the Guaranties and any other documents and instruments securing or otherwise relate thereto (the "Guarantor Documents"); and (iii) acknowledge that the Guarantor Documents continue in full force and effect, remain unchanged, and are valid binding and enforceable in accordance with their respective terms.

3. ***Waiver Of Defenses to the Loan Documents.*** Each of Obligors acknowledge that, as of the date hereof, they have: (i) no claim, defense (personal or otherwise), right of setoff, counterclaim, cross-complaint, claim, or demand of any nature whatsoever which can be asserted as a basis to seek affirmative relief or damages from Lender or to reduce or eliminate all or any part of their liability to repay the Loans pursuant to the Loan Documents; and (ii) no other claim against Lender with respect to any aspect of the transactions in respect of which the Loans were made. If any such claims exist, they are hereby fully and irrevocably released.

4. ***Consent to Modification of the Loan Documents.*** Each of Obligors hereby: (i) consent to modification of the Loans and Loan Documents and all other matters provided for by this Amendment; and (ii) acknowledge that the Loan Documents continue in full force and effect and are valid, binding and enforceable in accordance with their respective terms.

5. ***Forbearance Period.*** Lender and Obligors hereby agree that the term of this Amendment shall be the period of time commencing on the Effective Date of this Amendment and ending on April 17, 2023 (the "Forbearance Period").

6. ***Extension Payments to Lender.*** Obligors have paid an extension fee of $99,000 for the extension of the $5.5MM Note and an extension fee of $6,300 for the extension of the

00329489

2

$700,000 Note to extend the Forbearance Period as provided herein; such payments shall not cure the Loan Default, which shall continue until the Final Balloon Payment (defined below) is timely made.

7.    ***Final Balloon Payment to Lender.*** On or before April 17, 2023, Obligors shall remit one final balloon payment, in an amount to be calculated by Lender in its reasonable discretion, to pay the remaining balance due under the Loans to Lender (the "Final Balloon Payment"), which amount shall include the unpaid principal balances and unpaid interest accrued at the non-default rate under the Notes, plus unpaid portions of the following: attorney's fees, title insurance fees, recording and posting fees, and other unpaid costs incurred by Lender in proceeding with collection efforts including the Trustee's Sales. In the event that said Final Balloon Payment is timely received by Lender, within ten (10) calendar days, Lender shall: (i) record a release of the Deeds of Trust; and (ii) deliver originals of the Notes and Guaranties marked paid in full to Borrower.

8.    ***Application of Payments.*** Lender and Obligors hereby agree that Lender shall have the right to apply any payments received pursuant to the terms of this Agreement to the Loans toward satisfaction of the Loan Balances in the manner it elects in its sole and absolute discretion.

9.    ***Agreement to Forbear.*** Lender hereby agrees that so long as no Event of Default (as hereinafter defined) has occurred under this Amendment, it shall forbear from commencing any legal proceedings against Obligors pursuant to the Loan Documents and applicable law; provided that Lender make to take all actions necessary to conduct the Trustee's Sales on March 8, 2023, but Lender will cause such Trustee's Sales to be postponed until no earlier than April 24, 2023.

10.    ***Additional Warranties, Representations, and Covenants.*** The provisions of Sections 10 through 26 of the Forbearance Agreement shall remain in full force and effect and are reaffirmed as of the date of this Amendment; no express or implied amendments are made to such provisions and such terms are incorporated herein and continue in force.

[All signatures appear on the following page]

00329489

3

**IN WITNESS WHEREOF**, the parties hereto have caused this Amendment to be executed and delivered by their duly authorized representatives as of the date first above written.

LENDER:

**OKOA CAPITAL LLC**, a Utah
limited liability company

By _____
         Ty Corbridge, Managing Member

**BORROWERS:**

**Diamond Elite Community, LLC**, an Arizona
limited liability company

By: Diamond Equity Manager, LLC, a Delaware
limited liability company, its Manager


By_____
         Yehoishiah Rubin, Sole Member

**Pinal County Holdings, LLC**, an Arizona limited
liability company


By_____
         Yehoishiah Rubin, Member


**GUARANTOR:**


_____
         Yehoishiah Rubin

00329489                          4

# EXHIBIT C

**2023 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L19000293153

**Entity Name:** URBAN BAY HOUSING FUND LLC

**FILED**
**Jul 13, 2023**
**Secretary of State**
**2447022966CC**

**Current Principal  Place of Business:**

13194 US HWY 301 S
#374
RIVERVIEW, FL 33578

**Current Mailing Address:**

13194 US HWY 301 S
#374
RIVERVIEW, FL 33578 UN

**FEI Number: 84-4024071**

**Certificate of Status Desired:** Yes

**Name and Address of Current Registered Agent:**

WALSH, CALEB
13194 US HWY 301 S
#374
RIVERVIEW, FL 33578 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:   CALEB WALSH                                                                                     07/13/2023

Electronic Signature of Registered Agent                                                            Date

**Authorized Person(s) Detail :**

| Title | MGR | Title | MGR |
|---|---|---|---|
| Name | WALSH, CALEB | Name | WALSH, CALEB |
| Address | 13194 US HWY 301 S #374 | Address | 13194 US HWY 301 S #374 |
| City-State-Zip: | RIVERVIEW FL 33578 | City-State-Zip: | RIVERVIEW FL 33578 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: CALEB WALSH                                          DIRECTOR                          07/13/2023

Electronic Signature of Signing Authorized Person(s) Detail                                                            Date

# EXHIBIT D

DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search By Entity Name  /

Next List                                                          Urban Bay Financial LLC

                                                                        [Search]

## Entity Name List

| Corporate Name | Document Number | Status |
|---|---|---|
| URBAN BAY HOUSING FUND LLC | L19000293153 | Active |
| URBAN BAYOU APARTMENTS, LLC | M23000010327 | Active |
| URBAN BAY PROPERTIES, LLC | L09000118163 | INACT |
| URBAN BAY PROPERTIES LLC | L12000142452 | INACT |
| URBAN BAY TAMPA APTS LLC | L21000159645 | Active |
| URBAN BEACH, LLC | L11000055404 | INACT |
| URBAN BEACH E. BAY II LLC | M21000002626 | InActive |
| URBAN BEACH E. BAY III LLC | M21000002629 | INACT |
| URBAN BEACH HARBOR II LLC | M21000002629 | NAME HS |
| URBAN BEACH III LLC | M21000002628 | Active |
| URBAN BEACH PARTNERS LLC | L20000163752 | Active |
| URBAN BEACH PROPERTIES, INC. | P07000033733 | INACT |
| URBAN BEACH WEEK, INC. | N02000004395 | INACT |
| URBAN BEACH XVII LLC | M21000002625 | NAME HS |
| URBAN BEACH XXII LLC | M21000002625 | Active |
| URBAN BEAD, INC. | P04000043063 | INACT |
| THE URBAN BEAN CO. | P13000058341 | Active |
| THE URBAN BEAN FRANCHISE GROUP, LLC | L20000314587 | Active |
| URBAN BEAR CAPITAL, LLC | L20000369401 | Active |
| URBAN BEAT, INC. | P01000120185 | INACT |

Next List                                                          Urban Bay Financial LLC

                                                                        [Search]

# EXHIBIT E



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

# Detail by Entity Name

Florida Limited Liability Company
URBAN BAY HOUSING FUND LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L19000293153 |
| **FEI/EIN Number** | 84-4024071 |
| **Date Filed** | 11/27/2019 |
| **Effective Date** | 11/27/2019 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | REINSTATEMENT |
| **Event Date Filed** | 11/17/2022 |

**Principal Address**

13194 US HWY 301 S
#374
RIVERVIEW, FL 33578 UN

**Mailing Address**

13194 US HWY 301 S
#374
RIVERVIEW, FL 33578 UN

**Registered Agent Name & Address**

WALSH, CALEB
13194 US HWY 301 S
#374
RIVERVIEW, FL 33578

Name Changed: 11/17/2022

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

WALSH, CALEB
13194 US HWY 301 S #374
RIVERVIEW, FL 33578 UN

Title MGR

WALSH, CALEB
13194 US HWY 301 S #374
RIVERVIEW, FL 33578 UN

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2021 | 04/30/2021 |
| 2022 | 11/17/2022 |
| 2023 | 07/13/2023 |

**Document Images**

| | |
|---|---|
| 07/13/2023 -- ANNUAL REPORT | View image in PDF format |
| 11/17/2022 -- REINSTATEMENT | View image in PDF format |
| 04/30/2021 -- ANNUAL REPORT | View image in PDF format |
| 07/19/2020 -- ANNUAL REPORT | View image in PDF format |
| 11/27/2019 -- Florida Limited Liability | View image in PDF format |